**HANFORD ATOMIC METAL TRADES COUNCIL, AFL–CIO, and C. L. Williams, Appellants,**

**v.**

**GENERAL ELECTRIC COMPANY, a corporation, Appellee.**

**No. 19939.**

United States Court of Appeals Ninth Circuit.

Nov. 27, 1965.

Rehearing Denied Jan. 6, 1966.

David E. Williams, Richland, Wash., for appellants.

J. Tyler Hull, Bogle, Bogle & Gates, Seattle, Wash., for appellee.

Before JERTBERG, DUNIWAY and ELY, Circuit Judges.

JERTBERG, Circuit Judge:

Before us is an appeal from a final judgment in a case involving the validity and enforcement of an arbitration award rendered by an arbitration committee under a collective bargaining agreement between appellant, a "labor organization", and appellee, and "employer".

The District Court had jurisdiction under 29 U.S.C. § 185. This court's jurisdiction to review the judgment appealed from is under the provisions of 28 U.S.C. § 1291.

The essential facts are not in dispute. The following statement of facts is taken mainly from the admitted facts contained in the pretrial conference order.

The appellant is the collective bargaining representative for certain production and maintenance employees of the appellee at the latter's Hanford Atomic Products operation at Richland, Washington, where appellee operates a plutonium plant pursuant to a contract with the United States Government acting through the Atomic Energy Commission.

In April 1962, a dispute arose concerning the meaning and interpretation of the collective bargaining agreement. Said dispute arose after appellee, as a result of a nuclear criticality incident, furloughed for periods of up to one week approximately one-half or less of its employees employed in the area where the incident occurred, of whom approximately 526 were represented for collective bargaining purposes by appellant.

Appellant filed a grievance under the agreement grievance procedures stating as follows:

"The Council [union] herewith files a Step II General Grievance against General Electric Company based on current 'furlough' of bargaining unit employees without proper regard for their seniority.

"This grievance is filed on behalf of all employees so 'furloughed.'

"By way of remedy, the Council claims full back pay for all of the employees mentioned; with respect to those employees whose vacations have been rescheduled in lieu of 'furlough' out of seniority, the Council demands restoration of all vacation time so sacrificed without loss of pay in the premises."

The appellee answered the grievance set forth above, denying that it violated the collective bargaining agreement and asserting that the terms of the agreement did not preclude a temporary emergency furlough of the affected workers in light of the criticality incident which occurred.

The dispute was referred to abitration pursuant to the following arbitration clause of the collective bargaining agreement, reading as follows:

"1. Any grievance which remains unsettled after having been fully processed pursuant to the provisions of Article XVIII—Grievance Procedure and which involves either,

(a) the interpretation or application of a provision of this Agreement, or

(b) a disciplinary penalty (including discharge) imposed on or after the effective date of this Agreement, which is alleged to have been imposed without just cause,

may be submitted to arbitration provided written application is made within sixty (60) days after the final decision is given at the second step of the grievance procedure."

The arbitration committee was composed of one representative selected by appellant, one selected by appellee, and a neutral chairman selected by both. Following hearing before the arbitration committee, the neutral chairman of the committee rendered an opinion and award in which the appellant's representative concurred, and from which the appellee's representative dissented.

In the opinion rendered by the arbitration committee it is stated:

"The only question is whether these layoffs should have been made by seniority as provided in Section 3 of Article XIII."

Section 3 of Article XIII provides:

## "ARTICLE XIII
## SENIORITY

\* \* \* \* \* \*

"3. Force reduction and rehiring will be made only within each classification on the basis of seniority and ability to do the available work. If reductions in force are made, employees scheduled for layoff in each group may elect, on the basis of their seniority and subject to conditions set forth in Appendix 'A', to take work, if available, in a lower rated classification within their own seniority group and those with the least seniority will be laid off."

Other pertinent statements contained in the opinion are:

"This grievance is concerned primarily with the construction and application of the terms of the contract governing seniority-in-layoff as they are contained in Section 3 of Article XIII.

\* \* \* \* \* \*

"We now come to the question of whether this 'criticality incident' was of such a nature and here of such consequence that it relieved the Company of its contractual obligation under the strict seniority clause.

"The Company argues that it was not the intent of the parties to apply the provisions of Section 3 to an 'unexpected' emergency such as this.

\* \* \* \* \* \*

"Since this criticality accident was an event that arose out of the nature of the Company's operations, was reasonably foreseeable and within the contemplation of the parties at the time of contracting, and further because such event was not specifically exempted from the contract's seniority requirements, the Company must be deemed to have assumed the seniority-in-layoff consequences of this incident as one of the risks of its bargain. There was,

of course, no legal impossibility of performance here, and the Company has not advanced that argument.

"While the logic and equities of \* \* \* the Company's position may appeal to the Chairman, to accept them would be in my opinion to add to or modify the provisions of Section 3; this is beyond the power of this Arbitration Committee.

"It will therefore be the Award of the Arbitration Committee that the Company improperly applied the contract in laying off, out of seniority, the employees covered by this grievance and that they should be made whole by reimbursement for regular wages lost for time not worked during the week of April 9, 1962, and by restoration of vacation time to those who substituted it in lieu of being off the payroll for said week."

The award made by the Committee is as follows:

## "AWARD

"The submitted grievance is sustained in its entirety in accordance with the foregoing Opinion and Findings."

Appellee interpreted said arbitration opinion and award as requiring it to make whole and pay full back pay to those employees who would have worked during the shutdown period had it followed contract layoff procedures set forth in Section 3 of Article XIII, but who did not work because it failed to follow the contract layoff procedures, and that full compliance with the opinion and award required appellee to pay its employees who were furloughed as if the provisions of Section 3, Article XIII had been followed. Appellee paid full lost wages to those employees who did not work during the shutdown period but would have worked had the company followed the contractual obligations required by seniority-in-layoff procedures of Section 3, Article XIII.

There is no dispute between the parties concerning the accuracy of the pro-

cedures used by appellee, or concerning the accuracy of the results reached in determining and compensating the employees if the appellee's interpretation of its obligation under the arbitration opinion and award is the correct interpretation. Appellant, however, does not concede that appellee's interpretation of the opinion and award, or appellee's interpretation of what is required in order to comply therewith is a correct interpretation.

Appellant interpreted the arbitration opinion and award as meaning that an employee who was off work while an employee of his seniority group junior to him in seniority was working, was entitled to compensation for such time off at his salary rate (including isolation pay), and contended that the appellee had not fully complied with the arbitration opinion and award, and demanded full pay for all employees in any seniority group who were off the job while a junior employee in that seniority group was working, irrespective of whether or not those senior employees would have worked if the company had followed the provisions of Section 3 of Article XIII.

Upon refusal of Appellee to pay the amounts demanded by the appellant, appellant instituted an action in the Superior Court for the State of Washington, asserting that appellee had breached the agreement by appellee's refusal to comply with the arbitration opinion and award. Appellee removed the cause to the United States District Court.

At trial appellant contended that the court should order the company to comply with the arbitration opinion and award in accordance with appellant's interpretation of it. Appellee contended the court should dismiss the action because appellee had fully complied with the opinion and award in accordance with its interpretation of it. Alternately, appellee contended that, to the extent the arbitration opinion and award was unclear and a dispute existed between the parties as to its meaning, the court should order the matter submitted back to the arbitration committee for clarification because the arbitration committee, not the court, should interpret or clarify the arbitration opinion and award and determine whether the appellee had complied with it.

Following trial the district court found a dispute, existed as to the meaning of the arbitration opinion and award, and it was not clear whether the appellant's or appellee's construction of the opinion and award was correct with respect to the remedy to be applied, and that it was not clear whether the company had, as it maintained, fully complied with the opinion and award by paying in accordance with appellee's construction of it, back pay in certain amounts to certain employees represented by appellant, or, whether as the appellant contended in accordance with its interpretation the company had not fully complied with the opinion and award and owes further back pay to certain employees. The court concluded that the arbitration committee and not the court should first interpret or clarify the opinion and award to determine which construction of it was correct. The district court entered an interim judgment directing the parties to submit to the arbitration committee the dispute over the meaning of the arbitration opinion and award so that it could be clarified and a determination made by the committee as to whether appellant's or appellee's, or some other interpretation of it was correct with respect to the remedy to be applied; directing that the parties be permitted to submit further evidence and argument to the arbitration committee as the committee should direct, and retained jurisdiction of the action pending clarification of the opinion and award by the arbitration committee, after which a final judgment was to be entered.

In accordance with the court's interim judgment the appellant and appellee, by joint letter, resubmitted the arbitration opinion and award to the arbitration committee, together with all pleadings, briefs and material previously submitted to the court, leaving to the arbitration committee, particularly to the chairman,

the procedure to be thereafter followed by the committee.

The chairman of the arbitration committee issued his written opinion and award of arbitration committee on remand of case from Federal court, in which the representative of the appellee concurred, and from which the representative of appellant dissented. At the conclusion of its decision the arbitration committee certified to the district court, as follows:

### "AWARD

"This Arbitration Committee hereby Certifies to the United States District Court, Eastern District of Washington; Southern Division, in case numbered therein 1828, that the Award heretofore issued by this Arbitration Committee under date of November 28, 1962 requires General Electric Company to pay lost wages only to those employees who would have survived the reduction of force procedures provided for in Section 3, Article XIII, of the GE-HAMTC Agreement and does not require wage payments to those employees who would have been laid off because of the reduction of force necessitated by the 'criticality incident'; i. e. the Award does not require payment to every employee herein who was off work while an employee of his seniority group junior to him in seniority was working.

"It is the determination of this Arbitration Committee that the Company has complied with the remmedy requirements of said Award."

Upon filing with the district court of the last mentioned opinion and award, and following the hearing of motions and arguments by the respective counsel, the district court found that the arbitration committee had considered the matter properly on resubmission to it of the earlier arbitration opinion and award, and rendered the latter opinion and award in compliance with the judgment of the court under procedures established by the committee, and in accordance with its instructions and powers, and entered final findings of fact and conclusions of law. The district court entered final judgment confirming the latter opinion and award of the committee confirming that appellee had complied with the earlier arbitration committee's opinion and award and dismissing the action with prejudice.

While appellant specifies several errors on the part of the trial court, the core of all contentions is that the district court is obliged to enforce the original award of the arbitration committee and direct full pay with restoration of vacation rights to all employees who lost time and pay while other employees in the same classification, with less seniority, were on the job. If appellant's stated premise be sustained it necessarily follows that the district court erred in remanding the award to the arbitration committee for clarification and interpretation of the award, in confirming the award after clarification and interpretation, and in dismissing appellant's action.

It is clear that the gravamen of the grievance filed by appellant is that appellee violated Section 3 of Article XIII of the collective bargaining agreement in furloughing certain of its members *without proper regard for their seniority*. On behalf of such members, appellant claimed full back pay, and on behalf of its members whose vacations had been rescheduled in lieu of furlough *out of seniority*, appellant demanded restoration of such vacation rights without loss of pay.

The dispute submitted to the arbitration committee was whether the nature of the "criticality incident" which compelled the layoff of its employees relieved the appellee "of its contractual obligation under the seniority clause." The arbitration committee determined that appellee "improperly applied the contract in laying off, out of seniority, the employees covered by this grievance, and that they should be made whole * *."

By its award the committee sustained appellant's grievance in its entirety "in

accordance with the foregoing opinion and findings."

What did the award mean?

The district court found:

"It is not clear whether plaintiff's or defendant's construction of the Arbitration Opinion and Award is correct with respect to the remedy to be applied.

"It is not clear whether, as defendant contends, defendant has fully complied with the Arbitration Opinion and Award by paying, in accordance with defendant's construction of the Arbitration Opinion and Award, back pay in certain amounts to certain employees represented by plaintiff Union, or whether, as plaintiffs contend in accordance with their construction, defendant has not fully complied with the Arbitration Opinion and Award and owes additional back pay to certain employees represented by plaintiff Union."

The district court concluded that the arbitration committee should interpret or clarify the arbitration opinion and award, or determine whether appellant's or appellee's construction thereof was correct. In its oral opinion on this phase of the proceedings the district court stated, *inter alia.*

"There is room for question in the award of the arbitrators as to what they fully intended, when they say that the submitted grievance is sustained in its entirety, for all employees who were laid off out of seniority.

\* \* \* \* \* \*

"It is not for this Court to say what the Board of Arbitration should do. That is up to the board, because under the Warrior and other cases, this Court cannot substitute its determination for the determination of the Board of Arbitration. That is what they bargained for in the collective bargaining agreement, that industrial peace was to follow the adoption of a contract of that kind which contemplates that you will secure not only the services of the arbitrator but also their know-how, their knowledge of the industry, their ability to know and to follow the rules applicable to labor negotiations.

"I think that this, therefore, should go back to the Board of Arbitration, for the Board of Arbitration to determine what they meant when they said that the grievance is sustained in its entirety; what they meant when they said that the company has laid off men out of seniority. Do they mean in accordance with Mr. Hull's [counsel for appellee] understanding of it, or in accordance with Mr. Williams' [counsel for appellant] understanding of it?"

Appellant argues that since the relief sought by appellant, namely, back pay to those employees who were forced off their job without pay while other employees with less seniority than they were on the job, was plainly stated to the arbitration committee and since the award sustained appellant's grievance "in its entirety", the award was "plain and unambiguous, and wholly worthy of judicial enforcement."

 The award must be read in the context of the opinion and the findings of the board of arbitration. We share the view of the district court that the opinion required clarification and interpretation. We also share the view of the district court that this was a task to be first performed by the arbitration committee and not the court, and that the court properly remanded the matter to the arbitration committee for such clarification and interpretation. See United Steel Workers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); and United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424

(1960). It is appellant's position that once the arbitrators have acted, it is the duty of the court to interpret and enforce the award, rather than to send the matter back to the arbitrators, to the end that the further delay involved in sending the matter back can be avoided. We think, however, that all of the foregoing cases accept the philosophy that where the parties have elected to submit their disputes to arbitration, they should be completely resolved by arbitration, rather than only partially resolved. In some cases the carrying out of this philosophy will require remanding the matter to the arbitrators, and we think that this is such a case.

■ In remanding the matter to the arbitration committee the district court did not, as appellant contends, grant to appellee "an appeal to the arbitration committee", a new trial, or an opportunity to relitigate the damage action. The resubmission to the arbitration committee was not for the purpose of relitigating or modifying the award. It was simply for clarification and interpretation of the award made. Such was the understanding of the arbitration committee as is made manifest in its certification to the district court wherein it is stated that "the award does not require payment to each employee herein who was off work while an employee of his seniority group junior to him in seniority was working", and that the appellee had complied with the remedy requirements of said award.

We have considered all other contentions advanced by appellant in support of its position and find them unpersuasive.

In our view the district court properly entered final judgment confirming the award of the arbitration committee and holding that the appellee had complied therewith.

The judgment appealed from is affirmed.