**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Panagiotis GOUTAKOLIS,**
**Defendant–Appellant.**

No. 99–50519.

D.C. No. CR–98–01269–ER–1.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 2001.

Decided March 13, 2001.

Before TROTT, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM [1]

Panagiotis Goutakolis appeals his convictions for sending threats to injure in interstate commerce in violation of 18 U.S.C. § 875(c). Goutakolis claims that the district judge improperly denied him his right to self-representation under *Faretta v.*

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.

The parties are familiar with the facts and we therefore need not repeat them here except as necessary to explain our decision.

## DISCUSSION

1. Standard of Review

Our precedent is somewhat unclear as to whether we review a district judge's refusal to allow a defendant to represent himself *de novo* or for an abuse of discretion. *See, e.g., United States v. George,* 56 F.3d 1078, 1084 (9th Cir.1995) (noting uncertainty as to standard of review). However, we need not decide that issue here, because we conclude that the district judge's decision not to allow Goutakolis to represent himself was correct even under *de novo* review.

2. Goutakolis Did Not Clearly and Unequivocally State That He Wished to Represent Himself.

■ In order to take advantage of the right to proceed *pro se,* a defendant must clearly and unequivocally indicate that he wishes to forego the right to counsel and proceed on his own behalf. *See, e.g., United States v. Hernandez,* 203 F.3d 614, 620 & n. 8 (9th Cir.2000). We require defendants to indicate their wish to proceed *pro se* clearly and unequivocally in order to protect them from giving up the right to counsel through "occasional musings on the benefits of self-representation." *Adams v. Carroll,* 875 F.2d 1441, 1444 (9th Cir.1989).

Goutakolis did not clearly and unequivocally express a desire to represent himself. The hearing began with the court's description of Goutakolis's request as one "to

relieve present counsel." Shortly thereafter, the court stated "[i]t is not clear to me whether you are simply asking the court to get another counsel or you wish to represent yourself as counsel." Instead of responding with a clear statement of what he was seeking, Goutakolis launched into a description of what his attorney would and would not do for him with regard to introducing into evidence some letters which Goutakolis considered important.

Additionally, at one point in the hearing, Goutakolis stated to the judge that he would "stand good and you will make your decision ." When the court asked directly, "And you are asking the court to let you represent yourself," Goutakolis said neither yes nor no, but "I will abide by your honor and your decision whatever they are ." In effect, Goutakolis was asking the judge to make the decision for him. However, it is the defendant, not the judge, who must make the decision to proceed *pro se.*

■ Throughout the hearing, Goutakolis answered the judge's questions not with clear statements of his desire to represent himself, but with descriptions of his differences with his appointed attorney or with questions of his own. The record drifts somewhat in his favor when the judge asked, "You want to represent yourself even though your English is not good enough to make the court understand you ... is that it?" and Goutakolis answered "it is." However, shortly after making this statement, Goutakolis said: "Your Honor, in that case, at this time, because it would be a problem for the court and myself, too, to represent myself, the court can make its decision. But I will like to go tomorrow with Ms. Karlin as my attorney and the rest whatever." Such a statement demonstrates that his alleged "request to proceed *pro se* " was not clear and unequivocal;

and we therefore AFFIRM the convictions.

BERZON, J., dissenting.

As I read the record, Panagiotis Goutakolis clearly and unequivocally expressed a desire to act as his own counsel. The district court plainly understood Goutakolis to have so moved, and denied that motion on the merits. Because the district court's reasons for denying the motion do not provide a permissible basis to deny Goutakolis his Sixth Amendment right to self-representation, I dissent.

True, as the majority points out, the district judge was at first unclear whether Goutakolis wished to proceed pro se, and Goutakolis' answers to the judge's inquiries were sometimes nonresponsive. But any confusion regarding the nature of Goutakolis' request was resolved as the hearing on representation proceeded.

The following excerpts from the record are illustrative:

> THE COURT: Now, ... you are telling the court that you don't have the ability to speak clearly in English, and yet you want to represent yourself. How do you expect to address the court and to speak to the court, as well as witnesses?
>
> GOUTAKOLIS: Your Honor, I believe not effective counsel is not better than no counsel at all. For example, I'd rather go on the court without saying nothing than go on the court with [my present attorney]. I will stand good and you will make your decision. But [my attorney] is not willing to do subpoena[s]—prove that they are lying about me, and that's why I do not wish to go on trial with my attorney ....
>
> ....
>
> THE COURT: You want to represent yourself even though your English is not good enough to make the court under-

stand you, and the court will be trying this case; is that it?

> GOUTAKOLIS: It is.
>
> THE COURT: You understand that the federal prisons are full of people who represented themselves?
>
> GOUTAKOLIS: I know, Your Honor, I am at a great disadvantage. But if my own lawyer will not introduce exculpatory evidence for my defense, how can she do for me, for my case ...?

Nor was Goutakolis's request to represent himself equivocal merely because that desire might have been secondary to his desire that the court order his lawyer to comply with his tactical decisions regarding his defense. *United States v. Hernandez*, 203 F.3d 614, 621 (9th Cir.2000) (a conditional request can be unequivocal).

The defendant's motion to proceed pro se was voiced with sufficient resolve for the district court to deny it on the record, and to state in detail its reasons for doing so:

> THE COURT: So I have not heard any reason why I should discharge [your attorney]. I certainly do not feel that you are able to represent yourself. For one reason, because of the difficulty you have with the language.
>
> GOUTAKOLIS: Yes.
>
> THE COURT: And for another reason, the reasons you have expressed here in court are not sufficient reasons. You know, you have given up your right to a jury trial, which you have the right to do. With the advice of your counsel, you have done that. I suggest to you that you remain with [your attorney] and that will be in your best interest. You haven't given me a good reason to discharge [your attorney].

In *Hernandez*, we observed that "the district judge's response to Hernandez's request [to proceed pro se] strongly sup-

ports the conclusion that it was unequivocal." *Id.* at 621. The same is true here. Although, unlike *Hernandez,* the district judge here did not first provisionally grant the request, he explicitly ruled on it, gave reasons for doing so, and later reiterated his ruling when asked by the Government whether the request had been withdrawn. The district court, in other words, well understood that Goutakolis was asking to represent himself, rather than "occasional[ly] musin[g] on the benefits of self-representation." *Adams v. Carroll,* 875 F.2d 1441, 1444 (9th Cir.1989). We should so understand Goutakolis' request as well.

The district court's reasons for rejecting Goutakolis' request were not sufficient to overcome his Sixth Amendment right to self-representation. The court denied the motion because of Goutakolis' difficulties speaking English, and because the legal maneuvers Goutakolis wished to make appeared misguided at best. But the fact that a defendant may not have "mastered the intricacies" of legal practice is not relevant to whether his decision to represent himself is knowing and voluntary, the inquiry the trial court must undertake. *Faretta v. California,* 422 U.S. 806, 836, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

The district court's reluctance to allow Goutakolis to represent himself is understandable. The decision to proceed pro se is almost always disastrous for a criminal defendant. But under the currently controlling law, Goutakolis' request to represent himself should have been evaluated according to the criteria set forth in *Faretta* and its progeny. Because the requisite standards were not satisfied, Goutakolis' conviction should be reversed and the case remanded for retrial. *Adams,* 875 F.2d at 1445 (9th Cir.1989) ("The denial of the

right to self-representation is not amenable to harmless error analysis.").

I respectfully dissent.