NO. 27945

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In the Matter of the Arbitration Between
UNITED PUBLIC WORKERS, AFSCME, Local 646, AFL-CIO,
Union-Appellee,
v.
CITY AND COUNTY OF HONOLULU, BOARD OF WATER SUPPLY
(Griev. of Scot Ouchi); ES-04-07; 2006-002,
Employer-Appellant

APPEAL FROM CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 06-1-0063)

MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Employer-Appellant City and County of Honolulu, Board of Water Supply (Employer) appeals from: 1) the order granting the motion of Union-Appellee United Public Workers, AFSCME, Local 646, AFL-CIO (UPW) to confirm the decision and amended decision of Arbitrator R. Charles Bocken (Confirmation Order), entered by the Circuit Court of the First Circuit (circuit court) on April 20, 2006; 2) the circuit court's April 20, 2006, Judgment that was based on the Confirmation Order; and 3) the circuit court's June 6, 2006, order denying Employer's motion for reconsideration and/or clarification of the Confirmation Order.[1] The arbitrator's decision and amended decision involved a grievance filed by UPW which challenged Employer's dismissal of employee Scot Ouchi (Ouchi).

For the reasons discussed below, we conclude that the circuit court exceeded its statutory authority in issuing the Confirmation Order because the circuit court decided matters that went beyond the arbitration award. We therefore vacate the portion of the Confirmation Order in which the circuit court exceeded its authority.

I.

Ouchi was employed by the Board of Water Supply as a pipefitter. Prior to December 2003, Ouchi possessed a commercial

---

[1] The Honorable Randal K.O. Lee presided.

driver's license (CDL), performed safety-sensitive functions, and was subject to random alcohol and drug testing under the collective bargaining agreement (CBA) between UPW and Employer.

On December 12, 2003, Ouchi was instructed to take a random drug test. Ouchi initially provided a urine sample at 7:59 a.m. that was sufficient in volume for testing, but was outside the acceptable temperature range. Ouchi provided two more samples at about 10:30 a.m. and 11:00 a.m., both of which were not sufficient in volume for testing. On December 17, 2003, Ouchi received a letter from Employer stating that there was sufficient cause to end Ouchi's employment because his inadequate urine samples constituted a "refusal to test" under the CBA. After a pre-termination hearing, Ouchi was discharged effective January 23, 2004.

On February 20, 2004, UPW filed a grievance which alleged that Employer violated the CBA by disciplining Ouchi without just cause. In an arbitration decision dated January 6, 2006, Arbitrator R. Charles Bocken (Bocken) determined that the drug testing procedure used in Ouchi's case violated United States Department of Transportation (DOT) rules. Arbitrator Bocken found that contrary to DOT rules, Employer did not immediately retest Ouchi under direct supervision after the initial sample was found to be outside the acceptable temperature range and did not give Ouchi three hours after the first inadequate-volume sample to provide a sample with adequate volume. Arbitrator Bocken set aside Ouchi's discharge and awarded him back pay for a period of four months, together with other benefits and seniority for that period. The portion of the arbitration decision relevant to this appeal stated:

<u>DECISION</u>

. . . .

Accordingly, I find that the procedural error i[n] not immediately conducting a test after the 7:59 am collection and failing to provide three hours after the 10:30 am collection <u>requires setting aside [Ouchi's] discharge</u>. Section 63.12 of the [CBA] provides that "A test which is not valid as provided in the DOT Rules or violated the Employee's rights shall not be used for discipline." . . .

. . . .

<u>AWARD</u>

> <u>[Ouchi] is awarded back pay for a period of four
> months together with other benefits and seniority for that
> period.</u>  Back pay benefits are to be reduced to the extent
> of unemployment benefits received.

(Emphases added.)  An amended arbitration decision correcting typographical errors was issued on January 26, 2006.

After the arbitration decision, as amended, was issued, Ouchi met with Employer on February 21, 2006, and informed Employer that he did not have a valid Hawaiʻi driver's license. Employer paid Ouchi retroactive back pay in accordance with the arbitration award.  Employer also reinstated Ouchi to his pipefitter position, but Ouchi was prohibited from performing safety-sensitive functions.  Employer maintained that Ouchi could not perform safety-sensitive functions until he complied with federal requirements, including the possession of a valid CDL. Employer also required Ouchi to enroll in a substance abuse program (SAP).  UPW objected to Employer's failure to permit Ouchi to perform safety-sensitive duties.

On February 23, 2006, UPW filed a motion with the circuit court 1) to confirm the January 6, 2006, arbitration decision and award and the January 26, 2006, amended arbitration decision and award; 2) to obtain a judgment in favor of UPW pursuant to these decisions and awards; and 3) for other relief, as the circuit court deemed appropriate.  Employer opposed the motion, arguing that the January 6, 2006, award could not be confirmed because it had been amended on January 26, 2006. Employer also objected to UPW's request that other relief be awarded as appropriate.  UPW filed a reply brief, requesting that the circuit court 1) specifically order Employer to return Ouchi to the "status quo ante" by reinstating Ouchi to a safety-sensitive pipefitter position and not requiring him to participate in any SAP; and 2) award attorney's fees and costs in favor of UPW and against Employer.

On April 20, 2006, the circuit court issued the Confirmation Order and the Judgment in favor of UPW.  In the portion of the Confirmation Order pertinent to this appeal, the circuit court stated:

4. [Employer] has failed to fully comply with the remedial terms of the January 6, 2006 and January 26, 2006 arbitration awards. Although Scot Ouchi, the grievant, has received back pay as ordered, he has not been fully reinstated to perform safety sensitive functions as a pipefitter, and the status quo ante which preceded his discharge (which the Arbitrator Bocken ordered be "set aside") has not been entirely restored. . . . Under the circumstances, Employer shall pay to [UPW] . . . costs in the amount of $378.60 and attorney's fees in the amount of $948.60 . . . in accordance with Section 658A-25, HRS [(Hawaii Revised Statutes)]. . . . Employer is hereby ordered forthwith to fully abide by the remedial terms of the January 6, 2006 and January 26, 2006 awards.

Employer filed a motion for reconsideration and/or clarification of the Confirmation Order, which was denied on June 6, 2006.

II.

On appeal, Employer argues that: 1) the circuit court exceeded its jurisdiction and authority when it concluded that Employer failed to comply with the remedial terms of the arbitration award by not fully reinstating Ouchi to perform safety-sensitive functions as a pipefitter;[2] 2) to the extent that the arbitration award was ambiguous, the circuit court should have remanded the matter back to the arbitrator for clarification; 3) the circuit court erred in ordering Employer to pay attorney's fees; and 4) the circuit court erred in denying Employer's motion for reconsideration and/or clarification of the Confirmation Order.[3]

III.

"We review the circuit court's ruling on an arbitration award *de novo*, but we also are mindful that the circuit court's review of arbitral awards must be extremely narrow and exceedingly deferential." Tatibouet v. Ellsworth, 99 Hawai'i 226, 233, 54 P.3d 397, 404 (2002) (internal quotation marks, brackets, and citations omitted). "Although formulated under the

---

[2] Although Employer argued to the circuit court that the circuit court could not confirm the January 6, 2006, award because an amended decision correcting typographical errors was issued on January 26, 2006, Employer has not raised this claim on appeal. For simplicity, we will refer to the January 6, 2006, arbitration decision and award, as amended by the January 26, 2006, arbitration decision, as a single decision and award.

[3] Employer also summarily asserts that the circuit court exceeded its jurisdiction when it ordered Employer to fully abide by the remedial terms of the arbitration award. Employer offers no specific argument or authority for this contention, and we therefore deem it to have been waived. See Hawai'i Rules of Appellate Procedure Rule 28(b)(7).

4

prior arbitration statute, this standard of review is equally applicable to arbitrations conducted under [(Hawaii Revised Statutes (HRS)] Chapter 658A." Kona Village Realty, Inc. v. Sunstone Realty Partners, 121 Hawai'i 110, 113, 214 P.3d 1100, 1103 (App. 2009).[4/]

IV.

We resolve the arguments raised by Employer in this appeal as follows:

A.

Employer frames the issue as whether the circuit court exceeded its jurisdiction in issuing the Confirmation Order. The circuit court had jurisdiction to decide UPW's confirmation motion pursuant to HRS Chapter 658A. The pertinent question is whether the circuit court exceeded its statutory authority in issuing the Confirmation Order. We conclude that the circuit court exceeded its statutory authority in issuing the Confirmation Order because it decided matters that went beyond confirming the arbitration award.

"It is well established that [the Hawai'i Supreme Court] has confined judicial review of arbitration awards to the strictest possible limits. This is because of the legislative policy encouraging arbitration and thereby discouraging litigation." Gepaya v. State Farm Mut. Auto. Ins. Co., 94 Hawai'i 362, 365, 14 P.3d 1043, 1046 (2000) (internal quotations marks, brackets, ellipsis points, and citations omitted). With respect to arbitration awards, "[t]he circuit court cannot act except as allowed by . . . [statute]." United Pub. Workers, AFSCME, Local 646, AFL-CIO v. Dawson Int'l, Inc., 113 Hawai'i 127, 145, 149 P.3d 495, 513 (2006) (referring to HRS Chapter 658) (internal quotation marks, brackets, and citation omitted). "[W]hen faced with a motion to confirm an arbitration award, the circuit court is limited to whether the arbitration award was correctly rendered as measured against specific standards."

---

[4/] In 2001, Hawaii Revised Statutes (HRS) Chapter 658 was repealed and replaced with the Uniform Arbitration Act, codified in HRS Chapter 658A. HRS Chapter 658A is similar in many respects to the repealed HRS Chapter 658, and therefore certain decisions under HRS Chapter 658 remain instructive.

Labrador v. Liberty Mut. Group, 103 Hawai'i 206, 212, 81 P.3d 386, 392 (2003).

Under HRS Chapter 658A, the circuit court may vacate an arbitration award "only on the six grounds specified in HRS § 658A-23(a)"[5] and may modify or correct an arbitration award "only on the three grounds specified in HRS § 658A-24."[6]  Kona

---

[5] HRS § 658A-23(a) (Supp. 2009) provides:

(a) Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:

(1)     The award was procured by corruption, fraud, or other undue means;

(2)     There was:

(A)     Evident partiality by an arbitrator appointed as a neutral arbitrator;

(B)     Corruption by an arbitrator; or

(C)     Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

(3)     An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 658A-15, so as to prejudice substantially the rights of a party to the arbitration proceeding;

(4)     An arbitrator exceeded the arbitrator's powers;

(5)     There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under section 658A-15(c) not later than the beginning of the arbitration hearing; or

(6)     The arbitration was conducted without proper notice of the initiation of an arbitration as required in section 658A-9 so as to prejudice substantially the rights of a party to the arbitration proceeding.

[6] HRS § 658A-24 (Supp. 2009) provides, in relevant part:

(a)     Upon motion . . . the court shall modify or correct the award if:

(1)     There was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award;

(2)     The arbitrator has made an award on a claim not submitted to the arbitrator and the award may be corrected without affecting the merits of the decision upon the claims submitted; or

(3)     The award is imperfect in a matter of form not

(continued...)

Village Realty, 121 Hawaiʻi at 113, 214 P.3d at 1103. "The supreme court has made it clear that the courts have no business weighing the merits of an arbitration award." Id.

In this case, Employer did not move to vacate the arbitration award. Thus, the grounds for vacating the award were inapplicable. The circuit court could only modify or correct the award on the limited grounds set forth in HRS § 658A-24.

The arbitration decision only "set aside" Ouchi's discharge and awarded Ouchi four months of back pay, other benefits, and seniority for that period. The decision did not address whether Ouchi was to be unconditionally reinstated to perform safety-sensitive functions. The effect of Ouchi's lack of a valid Hawaiʻi driver's license or CDL, which presumably disqualified him from performing safety-sensitive functions, was not discussed in the arbitrator's decision.[7] Indeed, it appears that Ouchi did not advise Employer about his lack of a valid driver's license until after the arbitrator's decision was issued.

The circuit court's Confirmation Order, however, concluded that Employer failed to fully comply with the arbitration award because Employer failed to fully reinstate Ouchi to perform safety-sensitive functions as a pipefitter. This was clearly a "modification" of the arbitration award that went beyond the three grounds authorized under HRS § 658A-24. The circuit court thus exceeded its statutory authority and erred in issuing the Confirmation Order. See Gepaya, 94 Hawaiʻi at 362, 366, 14 P.3d at 1043, 1047 (holding that in a proceeding to confirm an arbitration award, "the court was mandated to confirm the award according to its terms" and was not permitted to decide a question which was not decided by the

_____

[6] (...continued)
affecting the merits of the decision on the claims submitted.

(b) If a motion made under subsection (a) is granted, the court shall modify or correct and confirm the award as modified or corrected. Otherwise, unless a motion to vacate is pending, the court shall confirm the award.

[7] UPW does not dispute that upon his return to work, Ouchi lacked a valid CDL that was necessary for him to perform safety-sensitive functions.

arbitrator); Inlandboatmen's Union of the Pacific v. Sause Brothers, Inc., 77 Hawai'i 187, 192, 881 P.2d 1255, 1260 (App. 1994) (concluding that because the respondent's request to modify the arbitration award did not come within any of the specified statutory grounds, "the circuit court had no power to modify the award").

We therefore vacate the portion of the Confirmation Order that went beyond confirming the arbitration award and concluded that Employer failed to fully comply with the terms of the arbitration award.

B.

Although the circuit court is only authorized to modify or correct an arbitration award on the grounds set forth in HRS § 658A-24, the circuit court may, pursuant to HRS § 658A-20(d)(3) (Supp. 2009), remand the case back to the arbitrator to clarify the award. See Dawson Int'l, 113 Hawai'i at 147 n.22, 149 P.3d at 515 n.22 ("[I]t is well-recognized that courts are authorized to remand matters to the arbitrators for clarification where the award is ambiguous."); see also Hanford Atomic Metal Trades Council, AFL-CIO v. General Elec. Co., 353 F.2d 302, 307-08 (9th Cir. 1965); Bakery, Confectionery and Tobacco Workers Local Union Number 362-T, AFL-CIO-CLC v. Brown and Williamson Tobacco Corp., 971 F.2d 652, 654-55 (11th Cir. 1992). On remand, the circuit court may consider whether a remand to the arbitrator to clarify the arbitration award is appropriate.

C.

Under HRS § 658A-25(b) (Supp. 2009), a court may allow reasonable costs of a motion to confirm an arbitration award. Employer does not provide any argument against the circuit court's award of costs to UPW. We therefore affirm the circuit court's award of costs to UPW.

Under HRS § 658A-25(c) (Supp. 2009), the circuit court may award reasonable attorney's fees on the application of a prevailing party to a contested judicial proceeding on a motion brought to confirm an arbitration award. With regard to the circuit court's award of attorney's fees under HRS § 658A-25(c), we disagree with Employer's argument that UPW's motion to confirm

8

was uncontested.  Employer opposed UPW's motion to confirm on the ground that the January 6, 2006, award could not be confirmed because it had been amended, and Employer contested other aspects of UPW's motion.  UPW's motion was a "contested" proceeding within the meaning of HRS § 658A-25(c).

However, given our decision to vacate the portion of the Confirmation Order in which the circuit court exceeded its authority, we find it necessary to vacate the circuit court's award of attorney's fees in favor of UPW.  We remand the case to permit the circuit court to reevaluate its award of attorney's fees in light of our decision.

V.

For the foregoing reasons, we vacate the portions of the circuit court's April 20, 2006, Confirmation Order that 1) went beyond confirming the arbitration award and concluded that Employer failed to fully comply with the terms of the arbitration award and 2) awarded attorney's fees.  We affirm the Confirmation Order in all other respects.  Because we are vacating portions of the Confirmation Order, we also vacate the circuit court's April 20, 2006, Judgment and its June 6, 2006, order denying Employer's motion for reconsideration and/or clarification of the Confirmation Order, to the extent that they were based on the portions of the Confirmation Order that we are vacating.  We remand the case for further proceedings consistent with this Memorandum Opinion.

DATED:  Honolulu, Hawai'i, February 25, 2010.

On the briefs:

Paul K.W. Au,
Deputy Corporation Counsel,
City & County of Honolulu,
for Employer-Appellant.

Herbert R. Takahashi and
Rebecca L. Covert
(Takahashi Vasconcellos &
 Covert)
for Union-Appellee.

Chief Judge

Associate Judge

Associate Judge

9