JONES, Circuit Judge,
dissenting.
Because it is wrong to consider the district court’s order as non-final and therefore not immediately appealable, and because mischief will come of this error, I respectfully dissent.
The standard meaning applies to the term “final decision” where the FAA makes “a final decision with respect to an arbitration” immediately appealable. 9 U.S.C. § 16(a). When Congress enacted this provision, commentators interpreted it as adopting the pre-existing finality doctrine. 15B Wright & Miller, FedeRal Practioe And Proceduke § 3914.17 (2d ed.1992) (concluding that the “obvious interpretation” of § 16(a) “is that it incorporates the finality doctrine”). In Green Tree Fin. Corp.-Ala. v. Randolph, the Supreme Court affirmed this view. Green Tree, 531 U.S. 79, 86, 121 S.Ct. 513, 519 (2000) (construing “final decision” according to its “well-established meaning”). Under Green Tree, a decision relating to an arbitration is final if it “ends the litiga *424 tion on the merits and leaves nothing more for the court to do but execute the judgment.” Id. Further, a final decision is immediately appealable “regardless of whether the decision is favorable or hostile to arbitration.” Id.
Here, the district court’s ruling resolved the entire case before it. The court ruled on the only ground of relief presented to it and concluded that the arbitrator did not resolve the question of out-of-pocket damages. It remanded the award because the arbitration panel “exceeded its powers” under 9 U.S.C. § 10(a)(4). It did not determine that the award may be silent on the issue of out-of-pocket damages and defer its final ruling until the arbitrator clarified the meaning of certain sections of its opinion. The district court certainly thought that its work was done. It closed the ca'se, issued a “Final Judgment,” and did not stay the action or retain jurisdiction over the case after the remand. See Saturn Distribution Corp. v. Paramount Saturn, Ltd., 326 F.3d 684, 686-87 (5th Cir.2003) (holding that an order was final for these identical reasons). Even if the district court’s ruling meant that the arbitrator had more work to do, the court’s work was done, which is what matters for the purposes of FAA finality under Green Tree. Green Tree, 531 U.S. at 86, 121 S.Ct. at 519 (holding that a decision is final “when it leaves nothing more for the court to do”) (emphasis added).
The majority asserts that under Green Tree, a district court must dismiss a case “with prejudice” in order for a remand order to be a final decision. Although the district court in Green Tree dismissed plaintiffs claims on account of a binding arbitration provision, the Supreme Court did not hold that a formal order of dismissal with prejudice is a sine que non of finality. Instead, it defined “final decision” consistent with that term’s “well-developed and longstanding meaning” as “a decision that ‘ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.’ ” Id. at 86, 121 S.Ct. at 519 (citing cases); see also 19 MooRe’s Federal Practice § 201.10 (3d ed. 2014) (“Essentially, a final decision is one that ends the litigation on the merits so that the only thing left for the district court to do is to execute the judgment.”). Where, as here, a remand order ends the litigation before the district court, Green Tree clearly provides for appellate jurisdiction over the case.[1]
The majority also errs in concluding that appellate jurisdiction is lacking under For-sythe ’s dicta that an order of remand for the purpose of clarifying an arbitral award is not appealable. Forsythe v. Gibbs, 915 F.2d 1017, 1020 n. 1 (5th Cir.1990). Even if not dicta, Forsythe predates Green Tree by a decade. Under Green Tree, an order remanding an arbitral award for clarification that leaves the district court “nothing more ... to do but execute the judgment” is final. Green Tree, 531 U.S. at 86, 121 S.Ct. at 519. By contrast, a remand order for clarification that leaves the court something to do once it has received the requested clarification is not final. Id.
A notable example of a non-final clarification order is Hanford Atomic Metal Trades Council, AFL-CIO v. General Elec. Co., 353 F.2d 302 (9th Cir.1965), the case that Forsythe cites to support its dicta. See Forsythe, 915 F.2d at 1020 n. 1. *425 In Hanford, the district court, faced with a question concerning the construction of an arbitral award, entered an interim judgment ordering the parties to present the dispute over the meaning of the award to the arbitrator. Hanford, 353 F.2d at 305. After the arbitrator concluded its review on remand, the district court, which had retained jurisdiction over the case, entertained the clarified opinion and entered final judgment. Id. at 305-06.
There is a clear difference between the case before us and Hanford. First, no interim order was issued here. As noted earlier, the district court did not defer its final ruling, as in Hanford, until the arbitrator clarified the arbitral award and opinion. It issued a final order that the arbitration panel had not resolved the claim for out-of-pocket damages and thereby exceeded its powers under the FAA § 10(a)(4). Second, the district court neither retained jurisdiction nor otherwise indicated that it would resolve any disputes arising over the new order. We must presume that the district court no longer has jurisdiction over this dispute. See Jays Foods, L.L.C. v. Chem. & Allied Prod. Workers Union, Local 20, AFL-CIO, 208 F.3d 610, 613 (7th Cir.2000) (indicating that that jurisdiction is presumably lost on remand unless expressly retained). In sum, the clarification order here ended the district court’s work, which makes it a final order under Green Tree.
The other cases cited by the majority also fail to defeat appellate jurisdiction. The majority invokes Jays Foods’s dicta about the non-appealability of remand orders that merely seek to clarify an award. It neglects to mention, however, that the Seventh Circuit went to considerable lengths in Jays Foods to acknowledge that a previous appellate panel had erred when it found no appellate jurisdiction over the remand order at issue in the case. Jays Foods, 208 F.3d at 612 (reasoning that the earlier panel was mistaken “in thinking that the district court’s order of remand was not immediately appealable.”); 15B Wright & Miller, FedeRal PRACTICE and Procedure § 3914.17 n. 51 (2d ed. Supp. 2014) (explaining that the court in Jays Foods “observed that it been wrong to dismiss the union’s initial appeal from the remand order on the theory that it was not final”). Similarly, the majority relies on dicta in V.I. Hons. Auth. v. Coastal Gen. Constr. Servs. Corp., although that court devoted the lion’s share of its jurisdictional discussion to explaining why the district court’s order vacating and remanding the arbitral award was immediately appeal-able. V.I. Hous. Auth., 27 F.3d 911, 913-14 (3d Cir.1994). Our decision should not be controlled by mere dicta, especially in the face of Green Tree.
In only one of the majority’s cases, Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int’l Union, did the court rule against appellate jurisdiction. But Landy is distinguishable. In Landy, the non-finality of the remand order was underscored by the fact that the district court retained jurisdiction over the case, Landy, 954 F.2d 794, 795 (2d Cir.1992). Here, the district court, without retaining jurisdiction, left no unfinished business.
Although it is difficult to tell exactly what effect it will have, the majority opinion does not bode well for arbitration. On one hand, a party that prevails at arbitration and fears that a district court will remand the arbitral award for clarification need only cross-move to confirm the award. Under the FAA, an order confirming or denying confirmation of the award, even in part, is immediately appealable. See 9 U.S.C. § 16(a)(1)(D). Had Nuance cross-moved to confirm the entire award here, the district court might have denied confirmation for the same reason that it *426 remanded the arbitral award — namely for exceeding the panel’s authority.
On the other hand, any court might refuse to rule on a motion to confirm in the belief that it could not finally decide without a complete arbitration award. Rather than order an interim remand for clarification, however, a court may choose, as here, to wash its hands of the case with a fully dispositive order. Accordingly, the majority’s refusal to accept jurisdiction here will encourage the proliferation of requests for “remand” precisely because (a) such orders are not appealable under this ruling, and (b) the cost and delay associated with such maneuvers may prompt settlements at odds with the arbitration awards. The majority has opened the door to an outcome that is inconsistent with the policy favoring expeditious arbitration behind the FAA. See Brown v. Pac. Life Ins. Co., 462 F.3d 384, 392 n. 5 (5th Cir.2006) (explaining that the statute’s general purpose). When parties must ping pong back and forth between the arbitrator and the court, arbitration’s essential virtue as a speedy and efficient dispute resolution tool is lost.
Reaching the merits, as I would, it seems obvious that the district court erred in concluding that the arbitration panel exceeded its authority. Contrary to what the majority states, there is no ambiguity in the arbitration opinion. The panel resolved all claims brought by the Vocada investors.
As a general matter, an arbitrator has no obligation to explain the grounds for a take-nothing award. Brabham v. A.G. Edwards & Sons Inc., 376 F.3d 377, 385 (5th Cir.2004) (providing that arbitrators need not give reasons for their awards). Here, however, the parties modified the default rule when they stipulated that the award must be supported by written findings of fact and conclusions of law. Nevertheless, in determining whether the arbitral award complies with this requirement, our review remains “exceedingly deferential.” Rain CII Carbon, LLC v. ConocoPhillips Co., 674 F.3d 469, 472 (5th Cir.2012). The sole question is “whether the arbitrator (even arguably) interpreted the parties’ contract, not whether he got its meaning right or wrong.” Oxford Health Plans v. Sutter, — U.S. -, 133 S.Ct. 2064, 2068, 186 L.Ed.2d 113 (2013). We must sustain the award as long as the arbitrator’s decision essentially applies the underlying contract, and resolve all doubts in favor of arbitration. Timegate Studios, Inc. v. Southpeak Interactive, L.L.C., 713 F.3d 797, 802 (5th Cir.2013).
The issue on appeal is whether the arbitration panel resolved the Vocada investors’ claim for out-of-pocket damages.[2] These damages represent the difference between the $24 million up-front payment and Vocada’s actual market value at the time of the merger. Significantly, the investors presented only a single evidentiary basis for these damages at arbitration: the testimony of its former owners that the company’s actual market value was ten times revenues — approximately $40 million — as a result of its projected sales.
In response to all of the investor claims, and after taking testimony for two weeks, a well-credentialed three-person panel wrote a thirty-page, single-space opinion justifying a take-nothing decision. The opinion is fulsomely grounded in the facts and law. Among its many findings, the panel found that Vocada overestimated its future revenue stream from its customer base and deal pipeline. The panel found that Vocada’s deals in progress generated only $1 million after the merger instead of *427 the $10 million projected, and that revenues from contract renewals fell sharply after the merger, contrary to the parties’ expectations.
The investors contend that these findings are insufficient because they focus on Vocada’s performance after the merger, not on its value at the time of the merger, which is the basis for their out-of-pocket damages claim. But their sole argument to the arbitration panel was that Vocada’s actual value at the time of the merger was greater than the up-front payment because of the company’s expected sales growth (the “attractive revenue ramp,” in the words of Vocada’s owner). The panel squarely rejected this argument in finding that Vocada had significantly overestimated its future sales, the critical factor driving Vocada’s valuation at the time of the merger. Thus, the panel vitiated the out-of-pocket damage claim even if it did not mention this claim by name when it concluded that ‘Vocada shall take nothing on its claims” and “[t]his Award is in full settlement of all claims and counterclaims submitted to this Arbitration.” (emphasis added). The panel’s detailed findings fully resolved the dispute over whether Voca-da’s shareholders suffered damages as a result of Nuance’s alleged fraud. Under the “exceedingly deferential” standard that appellate courts apply to unambiguous awards, the take-nothing award should be sustained.
For these reasons, I respectfully dissent.

. The district court’s denial of Nuance's motion to dismiss, noted by the majority, is irrelevant to the finality question. Nuance moved to dismiss for improper venue on the grounds that the forum-selection clause in the parties’ merger agreement barred Murchison from litigating the arbitration award outside of any court within the State of New York. The outcome of that jurisdictional motion could not possibly affect whether the district court’s order granting Murchison's remand petition was a final order.

. The parties do not dispute that the panel addressed and rejected the investors' only other claim for damages — namely, that they were entitled to $21 million in "earnout” consideration under the merger agreement.