JAMES E. GRAVES, JR., Circuit Judge:
This appeal arises from a lawsuit to clarify an arbitration award concerning an alleged breach of a corporate merger agreement. Nuance Communications now appeals the district court’s order remanding this case back to the arbitration panel for clarification of the arbitration award. Since we have previously stated that a district court order remanding a case back to an arbitration panel for clarification is not a final order, we DISMISS this appeal for lack of jurisdiction.
FACTS AND PROCEDURAL HISTORY
Plaintiff-Appellees are stockholders of a Texas-based startup software company called Vocada, Inc. (‘Vocada”). Defendant-appellant Nuance Communications, Inc. (“Nuance”) is a publicly traded global computer software company located in Massachusetts. Vocada’s sole product was a software program called Veriphy, which documents patients’ medical test results in radiology departments and hospitals. Nuance produces a software product called PowerScribe, a speech recognition software used in medical care facilities that allows users to convert spoken word into text appearing on computer screens. Ver-iphy worked well with Nuance’s Power-Scribe program and eventually Nuance approached Vocada about a merger. Vocada and Nuance believed that the sales of both PowerScribe and Veriphy would increase if sold together as one software suite.
Nuance acquired 100 percent of Voca-da’s stock through a merger agreement in 2007. Pursuant to the agreement, Nuance paid $24 million as the upfront purchase price and agreed to pay up to an additional $21 million in “Earnout Consideration,” contingent upon Veriphy sales producing specified levels of revenue in the years after the merger. The merger agreement contained a binding arbitration clause for disputes relating to the Earnout Consideration.
Three years after the merger the Voca-da stockholders had not received any Earnout Consideration, so their stockholder representative filed a demand for arbitration alleging that Nuance had defrauded the Vocada stockholders. Vocada asserted that it was entitled to the $21 million Earnout Consideration as its benefit-of-the-bargain damages, and that in the alternative, it was entitled to out-of-pocket damages that would be measured by the difference between the $24 million Nuance paid as the up-front purchase price for Vocada’s stock and the actual value of Vocada at the time of the merger.
After a two week arbitration hearing the arbitration panel returned an award finding that Nuance committed fraud in inducing Vocada into the merger agreement by making materially false statements about Nuance’s intentions to sell the Veriphy software product, but that Vocada was not entitled to damages because Nuance’s fraudulent representations were not the cause of Veriphy’s poor revenue in the years after the merger. Instead, the panel found that Vocada’s own salesforce, who joined Nuance after the merger, per *420 formed poorly, the Veriphy product did not have “buy-in” from the medical profession, the 2008 economic recession impacted Ver-iphy’s sales, and Veriphy’s pre-merger customer base had been substantially overstated by Vocada.
The arbitration clause in the merger agreement required the arbitration panel to support its award by “written findings of fact and conclusions.” Accordingly, the arbitration panel issued a thirty-page award in which it described its “Findings of Fact” and “Conclusions of Law.” The arbitration award did not differentiate between Vocada’s claims for out-of-pocket and benefit-of-the-bargain damages, but rather, stated that “Vocada is not entitled to any portion of the $21 Million Earnout Consideration on account of its statutory fraud claim.”
On November 1, 2012, Plaintiff-Appel-lees filed an application in Texas state court on behalf of the Vocada shareholders to vacate and remand the arbitration award. The Vocada shareholders argued that the arbitration panel exceeded its authority by failing to issue specific findings of fact and conclusions of law on Vocada’s request for out-of-pocket damages. Specifically, Vocada asserted that the $21 million Earnout Consideration was related only to its benefit-of-the-bargain damages request. Therefore, Vocada argues, the arbitration panel’s award stating that Vo-cada was not entitled to any of the $21 million did not address the out-of-pocket losses. Nuance removed the action to the U.S. District Court for the Northern District of Texas, Dallas Division under diversity jurisdiction.
The district court found that the arbitration panel exceeded its authority under the arbitration agreement by failing to provide sufficient findings of fact and conclusions of law regarding Vocada’s out-of-pocket damages claim. Accordingly, the district court remanded the case back to the arbitration panel for consideration of the issue of out-of-pocket damages. The district court made clear that it was remanding the award for further consideration but was not vacating the award. Nuance appealed the district court’s remand order to this Court.
STANDARD OF REVIEW
“We review questions of subject matter jurisdiction de novo.” Wagner v. United States, 545 F.3d 298, 300 (5th Cir.2008). We review a district court’s order confirming or vacating an arbitration award de novo, “but the review of the underlying award is exceedingly deferential.” Rain CII Carbon, LLC v. Conoco-Phillips Co., 674 F.3d 469, 472 (5th Cir.2012).
DISCUSSION
Nuance appeals the propriety of the district court’s remand order, but Plaintiff-Appellees assert that appellate jurisdiction is lacking here and that this appeal should be dismissed accordingly. We must first address the issue of our appellate jurisdiction. See Castaneda v. Falcon, 166 F.3d 799, 801 (5th Cir.1999) (“We must always be sure of our appellate jurisdiction and, if there is doubt, we must address it, sua sponte if necessary.” (citation omitted)).
Section 16 of the Federal Arbitration Act (FAA) allows for appeals from, inter alia, orders confirming or denying confirmation of an award or partial award, orders modifying, correcting, or vacating an award, and a final decision with respect to an arbitration that is subject to the FAA. 9 U.S.C. § 16(a). It is well established that an order confirming an arbitration award is a final appealable order. Id. § 16(a)(1)(D). It is also well established that an order vacating an award and remanding the case back to arbitration for a *421 rehearing is a final appealable order. See Atl. Aviation, Inc. v. EBM Grp., Inc., 11 F.3d 1276, 1280 (5th Cir.1994) overruled on other grounds by Action Indus., Inc. v. U.S. Fid. & Guar. Co., 358 F.3d 337, 341 n. 10 (5th Cir.2004) (noting that under the FAA “orders which vacate awards and direct a rehearing of the arbitration dispute ... are appealable”). Here, the district court neither vacated nor confirmed the arbitration award but instead remanded the award back to the arbitration panel for further consideration of Vocada’s out-of-pocket damages. (R. 730). Specifically, the district court held that the arbitration panel “failed to provide sufficient findings of fact and conclusions of law on the issue of out-of-pocket damages, which was submitted to it but not resolved.” (R. 729).
Plaintiff-Appellees rely on this Court’s decision in Forsythe International S.A. v. Gibbs Oil Co. of Texas, 915 F.2d 1017 (5th Cir.1990) for their assertion that appellate jurisdiction is lacking in this case. In Forsythe, we addressed the question of whether a district court’s order vacating an arbitration award and remanding the case to a different arbitration panel for an entirely new hearing was a final appealable order. Id. at 1019-20. While we found that the district court’s vacatur and remand order was appealable, we also stated that “[h]ad the district court remanded to the same arbitration panel for clarification of its award, the policies disfavoring partial resolution by arbitration would preclude appellate intrusion until the arbitration was complete.” Id. at 1010 n. 1.
Other Circuits have adopted the rule found in Forsythe, finding that orders vacating an award and remanding the case for an entirely new arbitration are appeal-able, but orders remanding a case back to an arbitration panel for further clarification of an existing award are not. See, e.g., Jays Foods, L.L.C. v. Chem. & Allied Prod. Workers Union, Local 20, AFL-CIO, 208 F.3d 610, 613 (7th Cir.2000) (“[T]he Federal Arbitration Act [ ] make[s] orders vacating arbitral awards appealable immediately, though nonfinal, unless the purpose of the remand was merely to enable the arbitrator to clarify his decision in order to set the stage for informed appellate review.” (internal citation omitted)); Virgin Islands Housing Authority v. Coastal General Construction Services Corp., 27 F.3d 911, 913-14 (3rd Cir.1994) (noting that for purposes of appellate jurisdiction, “the distinction is whether the additional hearing is ordered merely for purposes of clarification — an order that would not be appealable-or whether the remand constitutes a re-opening that would begin the arbitration all over again [which would].”); Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int’l Union, 954 F.2d 794, 797 (2nd Cir.1992) (finding that a district court’s remand that “ordered the same arbitrator to make some further decision with respect to the content of the award .... is not immediately appealable”).
Nuance contends that the district court’s remand order “did not remand for ‘clarification’ of the arbitration award, as imagined in Forsythe’s hypothetical.” Nuance’s argument is unavailing, as the district court’s order stated that the panel “failed to provide sufficient findings of fact and conclusions of law on the issue of out-of-pocket damages” and its final judgment explained “[t]he case is remanded to the Arbitration Panel for consideration of the issue of out of pocket damages.” Accordingly, the district court remanded the case back to the same arbitration panel for further clarification of the existing award, which fits squarely within the hypothetical posed by Forsythe.
Appellants also argue that the district court’s order is a final judgment under the Supreme Court’s holding in Green Tree *422 Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 86, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). In Green Tree, the Court considered whether “an order compelling arbitration and dismissing a party’s underlying claims is a ‘final decision with respect to an arbitration’ within the meaning of § 16(a)(3) of the Federal Arbitration Act, and thus is immediately appealable pursuant to that Act.” Id. at 82, 121 S.Ct. 513. The Court explained, “[bjecause the FAA does not define ‘a final decision with respect to an arbitration’... we accord the term its well-established meaning” as “a decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.” Id. at 86, 121 S.Ct. 513 (internal quotation marks and citations omitted).
The Court in Green Tree held that the district court’s order compelling arbitration was a final judgment because it ended the litigation on the merits as far as the district court was concerned, even though its order contemplated further proceedings in arbitration:
The District Court’s order directed that the dispute be resolved by arbitration and dismissed respondent’s claims with prejudice, leaving the court nothing to do but execute the judgment. That order plainly disposed of the entire ease on the merits and left no part of it pending before the court.... The District Court’s order was therefore “a final decision with respect to an arbitration” within the meaning of § 16(a)(3), and an appeal may be taken.
Green Tree, 531 U.S. at 86-87, 121 S.Ct. 513 (internal citation omitted).
Here, Appellants argue that the district court’s order should be viewed as a final order under Green Tree because it resolved the sole issue in dispute-namely, whether the panel exceeded its authority under 9 U.S.C. § 10(a)(4) by failing to address Vocada’s out-of-pocket damages. The order in Green Tree, however, directed the parties to arbitration and then dismissed the case with prejudice. Id. at 89, 121 S.Ct. 513 (“We therefore conclude that where, as here, the District Court has ordered the parties to proceed to arbitration, and dismissed all the claims before it, that decision is ‘final’ within the meaning of § 16(a)(3), and therefore appeal-able.”) (emphasis added). Here, in contrast, the district court did not dismiss the parties’ case (in fact, the court denied Nuance’s motion to dismiss), nor did it vacate or confirm the award, but simply entered a judgment remanding the award for further clarification.
We must also decline to exercise jurisdiction over the district court’s nonfinal order to avoid generating piecemeal appeals. For example, if we accepted jurisdiction to entertain this appeal and, assuming arguendo, affirmed the district court’s decision to remand the case back to the arbitration panel, the panel would still have to clarify its award to address Voca-da’s out-of-pocket damages theory. The parties could then return to the district court with any complaints they wish to raise regarding the clarified arbitration award, and could then file a second appeal in this Court based upon the district court’s decision. In this case, we would have generated two separate appellate decisions on the same arbitration award, resulting in piecemeal appeals. Instead, the parties should wait for the arbitration panel to clarify its decision upon remand, and then they may seek one appeal of the entire proceeding based on the clarified award, raising all of their complaints in a single appeal. See, e.g., Jays Foods, 208 F.3d at 613 (explaining that a district court’s order remanding a case to the arbitration panel was not a final, appealable order when “the purpose of the remand was merely to enable the arbitrator to clarify his decision in order to set the *423 stage for informed appellate review.” (internal citation omitted)). Accordingly, our interest in preserving judicial resources by avoiding piecemeal appeals obligates us to decline jurisdiction in this case.
Finally, declining jurisdiction over the district court’s order and permitting the arbitration panel to clarify its award is necessary given our deferential standard of review of arbitration awards. Although “[t]he arbitrator’s award is not subject to judicial review on the merits,” a “remand to the arbitrator is the appropriate disposition of an enforcement action when an award is patently ambiguous, [or] when the issues submitted were not fully resolved.” Oil, Chem. & Atomic Workers Int’l Union, Local 1-367 v. Rohm & Haas, Texas Inc., 677 F.2d 492, 495 (5th Cir.1982); see also Brown v. Witco Corp., 340 F.3d 209, 216 (5th Cir.2003) (“A court is not authorized to review the merits of the arbitrator’s decision ... [but] if the arbitration award in question is ambiguous in its scope or application, it is unenforceable.”).
Here, the district court found that the panel exceeded its authority by failing to adhere to the parties’ bargained-for contractual provision requiring the arbitrators to explain their award with “factual findings and conclusions.” Nuance contends, however, that there were sufficient findings of fact in the panel’s award to conclude that the panel implicitly denied any of Yocada’s out-of-pocket losses. Nuance supports its argument with this Court’s deferential standard of review: “In deciding whether the arbitrator exceeded its authority, we resolve all doubts in favor of arbitration.” Executone Info. Sys., Inc. v. Davis, 26 F.3d 1314, 1320 (5th Cir.1994). This Court has held, however, that “[a] court may not interpret the award in order to resolve the ambiguity and implement the award; instead, the court must remand the award to the arbitrator with instructions to clarify the award’s particular ambiguities.” Brown, 340 F.3d at 216. Accordingly, declining to exercise appellate jurisdiction over the district court’s nonfi-nal order remanding this case back to the arbitration panel for further clarification is fully supported by our deferential standard of review.
CONCLUSION
Since the district court neither confirmed nor vacated the arbitration award we have no statutory ground for appellate jurisdiction under the FAA. See 9 U.S.C. § 16(a)(l)(D)-(E). Moreover, Forsythe precludes appellate jurisdiction when an order remands a case back to the arbitrators for further clarification of an existing award. For these reasons, we DISMISS this appeal for lack of jurisdiction.