

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-14-00452-CV, 04-14-00568-CV & 04-14-00597-CV

Mark **HART** and Angelica Hart, Julian Calderas, Jr. and Erica Calderas, and
Thomas H. Veitch and Anne Veitch,
Appellants

v.

**FLAGSHIP HOMES, LTD.** d/b/a Prestige Homes,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2014-CI-04333, 2014-CI-04330 & 2014-CI-04337
Honorable Martha B. Tanner, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  December 10, 2014

REVERSED AND REMANDED

Mark Hart and Angelica Hart, Julian Calderas, Jr. and Erica Calderas, and Thomas H.
Veitch and Anne Veitch appeal the trial court's orders entered in each of the underlying causes
denying their petitions to confirm arbitration awards. Although the trial court's orders deny the
petitions to confirm the arbitration awards, the orders do not vacate the arbitration awards.
Because the trial court was required to enter orders that either confirmed the awards or vacated,
modified, or corrected the awards, the trial court erred in entering orders that only denied the

petitions to confirm. Accordingly, we reverse the trial court's orders and remand the causes to the trial court for further proceedings.

## BACKGROUND

The appellants purchased homes from the appellee, Flagship Homes, Ltd. d/b/a Prestige Homes, and subsequently made claims alleging that Prestige Homes fraudulently induced them into purchasing the homes based on various misrepresentations. Pursuant to the Sales Agreements signed by the appellants, the claims were submitted to arbitration, and the arbitrator entered awards in favor of the appellants. The appellants then filed petitions to confirm the arbitration awards, and Prestige Homes filed objections to the confirmation. After a hearing, the trial court entered orders denying the petitions to confirm.

## DISCUSSION

All parties agree that the Federal Arbitration Act is applicable to the underlying causes because the transaction involved interstate commerce.[1] *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 97 n. 64 (Tex. 2011) (noting FAA applies to transactions involving interstate commerce). Section 9 of the FAA permits a party to an arbitration to apply to a trial court for an order confirming the arbitration award. 9 U.S.C. § 9. Upon such an application, the trial court "must grant" an order confirming the award "unless the award is vacated, modified, or corrected." *Id*. As the United States Supreme Court has stated, "There is nothing malleable about 'must grant' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587

---

[1] Prestige Homes actually contends both the FAA and the Texas Arbitration Act are applicable. *See Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 97 & n. 64 (Tex. 2011) (noting TAA and FAA may both be applicable). Because Prestige Homes agrees the FAA is applicable, we do not need to resolve whether the TAA also is applicable for purposes of this opinion. *See* TEX. R. APP. P. 47.1 (providing that appellate court opinions should be "as brief as practicable" while "addressing every issue raised and necessary to final disposition of the appeal").

(2008); *see also Hamstein Cumberland Music Group v. Williams*, 532 Fed. Appx. 538, 543 (5th Cir. 2013) (quoting *Hall Street* and noting trial court is required to grant an order of confirmation "absent recourse to one of the seven, narrow grounds for modification or vacatur").

In their brief, the appellants acknowledge that the trial court failed to take either of the two available courses of action. Prestige Homes responds that the appellants waived any complaint that the trial court erred in not expressly vacating the award and argues, "By declining to confirm the award, the trial court impliedly vacated it." Both parties then brief the legal arguments applicable on appeal when a trial court either confirms or vacates an arbitration award. This court, however, has jurisdiction to consider only the orders the trial court actually entered.

In *Murchison Capital Partners, L.P. v. Nuance Communications, Inc.*, 760 F.3d 418 (5th Cir. 2014), the Fifth Circuit addressed whether an order that neither confirmed nor vacated an arbitration award was an appealable order. First, the Fifth Circuit noted:

> It is well established that an order confirming an arbitration award is a final appealable order. It is also well established that an order vacating an award and remanding the case back to arbitration for a rehearing is a final appealable order.

760 F.3d at 420-21 (internal citations omitted). The Fifth Circuit then noted, however, that "the district court neither vacated nor confirmed the arbitration award but instead remanded the award back to the arbitration panel for further consideration of [the claimant's] out-of-pocket damages." *Id*. at 421. The Fifth Circuit held that it lacked jurisdiction to consider an appeal of the order because "the district court neither confirmed nor vacated the arbitration award." *Id*. at 423.

Similarly, in *In re Deepwater Horizon*, 579 Fed. Appx. 256, 258 (5th Cir., 2014), the Fifth Circuit considered an appeal of a district court's order that denied the appellants' motions to confirm arbitration award. In response to the appellees' motions to dismiss for lack of jurisdiction, the appellants asserted that orders "denying confirmation of an award" are appealable under the FAA. *Id*. at 259; 9 U.S.C. § 16(a)(1)(D). In rejecting this argument, the Fifth Circuit cited the

United States Supreme Court's holding in *Hall Street* that section 9 of the FAA requires the trial court to confirm an award unless the award is vacated, corrected, or modified. *Id.* The Fifth Circuit then concluded that an order "does not constitute an appealable order 'denying confirmation' … unless the order vacates, modifies, or corrects the arbitral award." *Id.*

Although *Murchison* and *Deepwater Horizon* provide authority for this court to dismiss these appeals for lack of jurisdiction, the Texas Supreme Court's decision in *East Tex. Salt Water Disposal Co. v. Werline* holds that an order denying confirmation of an arbitration award is appealable, citing the provision in the TAA stating that a party may appeal an award "confirming or denying confirmation of an award." 307 S.W.3d 267, 270 (Tex. 2010); TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(3) (West 2011). Similarly, the FAA also contains a provision stating that a party may appeal an order "confirming or denying confirmation of an award or partial award." 9 U.S.C. § 16(a)(1)(D). Although we recognize the Fifth Circuit's holding to the contrary in *Deepwater Horizon*, we read the plain statutory language as permitting an appeal of an order denying confirmation. *See Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex. 1993) (noting Texas appellate courts are "*obligated* to follow only higher Texas courts and the United States Supreme Court"). Therefore, we conclude that we have jurisdiction to consider these appeals, but we hold that the trial court erred in entering orders that neither confirmed the arbitration awards nor vacated, modified, or corrected the awards as required by section 9 of the FAA. *See Hall Street Assocs., L.L.C.*, 552 U.S. at 587; *Hamstein Cumberland Music Group*, 532 Fed. Appx. at 543; 9 U.S.C. § 9. Because the trial court has not entered orders vacating the arbitration awards, we do not have jurisdiction to consider the merits of the arguments relating to whether the trial court would err in vacating the arbitration awards. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012) (noting "the Texas Constitution does not afford courts jurisdiction to make advisory decisions or issue advisory opinions").

**CONCLUSION**

The trial court's orders are reversed, and the causes are remanded to the trial court for further proceedings.

Catherine Stone, Chief Justice