

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00705-CV

**EATON COMMERICAL, L.P.**,
Appellant

v.

**PARADIGM HOTEL SA RIVERWALK, LP**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CI11882
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Jason Pulliam, Justice

Delivered and Filed:  October 5, 2016

REVERSED AND REMANDED WITH INSTRUCTIONS

Appellant Eaton Commercial, L.P. appeals the trial court's order confirming an arbitration award, contending the trial court erred in denying Eaton's request to remand the award to the arbitrator to clarify ambiguities in the award.  Because we agree the arbitrator's award is ambiguous, we reverse the trial court's order and remand the cause to the trial court with instructions to remand the award to the arbitrator for clarification.[1]

---

[1] Eaton alternatively argues the trial court erred in refusing to correct the award.  Because we sustain Eaton's first issue, we do not address its alternative argument.  *See* TEX. R. APP. P. 47.1 (providing opinions should only address issues necessary to final disposition of appeal).  We note, however, "[a] court may not interpret [an arbitration] award

## FACTUAL AND PROCEDURAL BACKGROUND

Eaton entered into a contract with Appellee Paradigm Hotel SA Riverwalk, L.P. to construct a hotel. The contract provided for Eaton to be paid its costs plus a fee with a guaranteed maximum price ("GMP"). The GMP in the original contract was $10,268,700.00. In May of 2013, Paradigm approved change order number 1 adding "the 9th Street Roadway Improvements" which increased the GMP by $804,005.00 to $11,072,705.00.[2]

Eventually, both parties alleged the other party breached the contract. Eaton alleged Paradigm owed it additional amounts for change orders and other costs incurred by Eaton, and Paradigm alleged it overpaid Eaton and incurred lost revenue as a result of Eaton's breach of the contract. In accordance with the contract, these disputes were submitted to arbitration.

In the arbitration proceeding, Eaton alleged the total adjusted GMP for the project was $12,833,363.00. Eaton alleged it was owed $1,765,560.00 for seven itemized amounts which included additional amounts for change orders and other costs and a credit for a water line.[3] Because the contract only required Paradigm to pay Eaton its costs plus a fee, Eaton also alleged its costs and fee totaled $12,363,654.28. Subtracting the amount Paradigm paid Eaton in the amount of $10,634,088.00 from the amount of Eaton's alleged costs and fee, Eaton alleged it was owed a balance of $1,729,567.00.

The arbitrator concluded Paradigm owed Eaton "an adjustment to the GMP of $769,553.33" based on the arbitrator's review of the seven amounts itemized by Eaton. The

---

in order to resolve [an] ambiguity and implement the award; instead the court must remand the award to the arbitrator with instructions to clarify the award's particular ambiguities." *Brown v. Witco Corp.*, 340 F.3d 209, 216 (5th Cir. 2003).

[2] One of Eaton's exhibits reflects the GMP after change order number 1 to be $11,067,803.00. It is unclear from the record how Eaton computed this number.

[3] The briefs and proposed award Eaton submitted to the arbitrator are not a model of clarity and contain numerous mathematical errors. For example, in its trial brief and in its proposed award, Eaton alleged the additional amount it was owed was $1,765,500; however, Eaton itemized seven amounts which total $1,767,959. In addition, Eaton alleged the sum of $1,729,567 and $32,480 is $1,765,560, but the two amounts actually total $1,762,047.

arbitrator also awarded Eaton $123,000.00 in attorney's fees and $3,550.01 as a reimbursement for the apportioned arbitration fees and expenses. Finally, the arbitrator awarded Eaton pre-judgment interest at the rate of 10% accruing from May 6, 2014, the date the arbitration demand was filed, and continuing through the date of the award, and post-award interest to accrue if Paradigm had not paid the award within thirty days from the date of the award.

Eaton filed a motion to clarify the award, asserting the award did not specify the final contract amount Eaton was due because the award did not state the amount of the GMP to which the $769,553.33 adjustment was to be added. Eaton attached an award summary to its motion, asserting the final GMP amount was $11,837,356.33, which was the total of the original GMP stated in the contract, the adjustment to the GMP from change order number 1, and the additional $769,553.33 adjustment to the GMP stated in the arbitrator's award.[4] The arbitrator initially denied the motion; however, after receiving additional filings from both parties, the arbitrator issued a second order stating the arbitrator believed she was "without authority to issue a ruling or take any other action until a court of competent jurisdiction issues further orders."

Eaton then filed a petition asking the trial court to interpret the award, remand the award for further proceedings, or confirm the award in the amount of $1,463,331.68. Paradigm filed a motion to confirm the award for the specific amounts listed by the arbitrator. The trial court denied Eaton's petition and granted Paradigm's motion confirming the award. The trial court's order states:

1) That the Final Award issued on June 15, 2015 is confirmed; and

2) Pursuant to that Award, Paradigm Hotel SA Riverwalk, LP is to pay Eaton Commercial, LP $769,533.33 for its claims, $123,0000 in attorney's fees, $3,550.01 in administrative costs, as well as 10% prejudgment interest running from May 6, 2014 (date of the [sic] Eaton's filing of the arbitration

---

[4] As previously noted, this figure is based on Eaton's calculation that the GMP after change order number 1 was $11,067,803, and the record is not clear how this amount was calculated because the total of the original GMP in the contract of $10,268,700 and the $804,005.00 added to the GMP in change order number 1 is $11,072,705.00.

demand) to June 15, 2015 (date of issuance of the Final Award), post award interest at the rate of 10% per annum shall begin to accrue thirty (30) days from the date of the Final Award.

Eaton appeals.

## STANDARD OF REVIEW

We review a trial court's decision to confirm an arbitration award de novo in order to protect the great deference accorded to arbitration awards. *Stage Stores, Inc. v. Gunnerson*, 477 S.W.3d 848, 855 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *SSP Holdings Ltd. P'ship v. Lopez*, 432 S.W.3d 487, 492 (Tex. App.—San Antonio 2014, pet. denied). "In a de novo review, the trial court's decision is given no deference." *Lopez*, 432 S.W.3d at 493.

## PROPER TRIAL COURT ACTION WHEN ARBITRATION AWARD IS AMBIGUOUS

If an arbitration award is ambiguous, it cannot be enforced. *Brown*, 340 F.3d at 216; *Gunnerson*, 477 S.W.3d at 855. If a trial court determines an arbitration award is unclear or ambiguous in the process of deciding whether the award should be confirmed or vacated, the trial court may not interpret the award to resolve the ambiguity but must remand the award to the arbitrator for clarification. *Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 760 F.3d 418, 423 (5th Cir. 2014) (quoting *Brown*, 340 F.3d at 216); *Gunnerson*, 477 S.W.3d at 855-56. In that case, "a limited rehearing [by the arbitrator] to correct the problem is but a preface to determining confirmation." *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 270 (Tex. 2010). Once the arbitrator's award is clarified, the trial court can then rule on whether the award should be confirmed. *Werline*, 307 S.W.3d at 270-71; *Gunnerson*, 477 S.W.3d at 856. The foundation for a trial court's power to remand an ambiguous award "is the policy in favor of clear final awards that completely resolve the dispute originally submitted to the arbitrator." *Weinberg v. Silber*, 140 F.Supp.2d 712, 722-23 (N.D. Tex. 2001) (internal citations omitted), *aff'd*, 57 Fed. Appx. 211 (5th Cir. 2003); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 171.054(b)(2) (West

2011) (allowing arbitrator to clarify award on submission to the arbitrator by a court in which an application to confirm the award is pending).

### AMBIGUITY IN AWARD

In determining whether an award is ambiguous, we read the arbitrator's opinion and award together. *M & C Corp. v. Erwin Behr GmbH & Co.*, 143 F.3d 1033, 1038 (6th Cir. 1998). In the instant case, after reviewing the arbitrator's award and reasoning in their entirety, we hold the award is ambiguous.

The arbitrator found Paradigm owed Eaton "an adjustment to the GMP of $769,553.33." The arbitrator noted the original contract contained a GMP of $10,268,700. In its reasoning, the arbitrator also recognized Paradigm signed a change order to add $804,005 to the GMP.[5] Although the arbitrator recognized the signed change order adjusted the GMP from the original contract amount, the award does not state the amount of the GMP to which the $769,553.33 adjustment is to be added. In addition, although the arbitrator refers to the $769,553.33 as an adjustment to the GMP, her reasoning suggests the $769,553.33 were additional costs incurred by Eaton which would be added to the amount it was to be paid under the contract for its costs and fee, rather than just an adjustment to the GMP.[6] Because Paradigm paid Eaton only $10,634,088, the award is unclear regarding the total amount Eaton was owed after the $769,553.33 adjustment.[7] Accordingly, because the award is ambiguous, the trial court erred by not remanding the award to

---

[5] In calculating the $769,553.33 adjustment, the arbitrator gave Paradigm a $60,000 credit for a water line that was included as a line item in change order number 1. In crediting the $60,000 to reduce the GMP adjustment, the arbitrator necessarily determined change order number one increased the GMP stated in the original contract.

[6] As an example, the arbitrator found Eaton was entitled to $581,493.00 for scope changes. In her reasoning, the arbitrator concluded, "there were structural supplemental instructions and Paradigm directives that increased subcontractor costs by $462,642.00 and Eaton costs by $118,851.00 for a total of $581,493.00." In addition, the award itself refers to one adjustment as "Costs arising from Paradigm Subcontractor Selections/Negotiations."

[7] We note the arbitrator may have been misled by statements in the briefs and the proposed award Eaton provided to the arbitrator. In the briefs and the proposed award, Eaton states, "Included in Eaton's claim is retainage which [Paradigm] has wrongfully withheld." Eaton's allegation, however, was that the adjusted GMP was $12,833,363.00, and its total costs and fee were $12,363,654.28.

the arbitrator for clarification.  *See Murchison Capital Partners, L.P.*, 760 F.3d at 423; *Gunnerson*, 477 S.W.3d at 855-56.

**PARADIGM'S ARGUMENTS**

Paradigm asserts several arguments in its brief against remanding the award to the arbitrator for clarification.  We briefly address each of these arguments.

## A.      Record from Arbitration Proceeding

First, Paradigm argues Eaton failed to provide the record from the arbitration proceeding which is necessary to modify the award.  *See GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 263 (Tex. App.—San Antonio 2003, pet. denied) (stating losing party seeking to modify or vacate an arbitration award has burden of bringing forth record to establish basis for vacating or modifying the award).  We are not, however, instructing the trial court to modify the award but to remand the award to the arbitrator for clarification.  In holding the award is ambiguous, we need only consider the face of the award, not the record from the arbitration proceeding.

## B.      Full Satisfaction

Paradigm also asserts the arbitration award states the award is in full satisfaction of all claims and any relief not specifically awarded is denied.  *Ramos v. Perez*, No. 13-10-00350-CV, 2011 WL 3557311, at *5 (Tex. App.—Corpus Christi Aug. 11, 2011, pet. denied) (asserting broad language in arbitration award stating award was in full settlement of claims submitted to arbitration and all claims not expressly granted are denied "suggests that the arbitrator considered and resolved all claims submitted").  Eaton, however, is not challenging the amount of the adjustment the arbitrator found resolved the parties' claims.  Instead, Eaton contends the award is unclear because it fails to state the amount Eaton was owed after the $769,553.33 adjustment.

Accordingly, Eaton is not asserting a new claim for additional relief but seeks to clarify the relief that was granted.

## C.    Arbitrator Denied Motion to Clarify

Paradigm also relies on the arbitrator's initial denial of Eaton's motion to clarify. The record is unclear regarding the arbitrator's reason for initially denying the motion. *But see Riha v. Smulcer*, 843 S.W.2d 289, 292 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (noting arbitrator responded to request for clarification by stating arbitrator found "no reason to change or explain the findings" and regional director notified the parties the arbitrator advised the award "as rendered is final and is clear as stated"). The arbitrator's second order, however, appears to revisit the issue by listing the pleadings, letters, and documents previously considered in the prior order and concluding she was without authority to issue a ruling. Even if the arbitrator believed her award did not require clarification, however, this court holds to the contrary by determining the award is ambiguous and requires clarification. *See Murchison Capital Partners, L.P.*, 760 F.3d at 423; *Gunnerson*, 477 S.W.3d at 855-56.

## D.    Revisit Merits

Finally, Paradigm asserts the arbitrator cannot revisit the merits of her decision. "The *functus officio* doctrine is 'a common law rule that bars an arbitrator from revisiting the merits of an award once the award has been issued.'" *Gunnerson*, 477 S.W.3d at 856 (quoting *Brown*, 340 F.3d at 218). "The authority for a court to remand an ambiguity to an arbitrator for clarification is an exception to" the doctrine. *Id.* Under this exception, the arbitrator is not revisiting the merits of her decision but clarifying the ambiguity in her decision.

**CONCLUSION**

The trial court's order is reversed, and the cause is remanded to the trial court with instructions to remand the award to the arbitrator to clarify the amount Eaton is owed after the $769,553.33 adjustment.

Patricia O. Alvarez, Justice